Henry Alexis ROSALES–SANTOS, Petitioner,

v.

Alberto R. GONZALES, U.S. Attorney General, Respondent.

No. 06–60100
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 6, 2007.

---

**3.** *United States v. Richardson,* 848 F.2d 509, 514 (5th Cir.1988).

**4.** *See id.*

Imran B. Mirza, Houston, TX, for Petitioner.

Thomas Ward Hussey, Director, Linda Susan Wendtland, Don George Scroggin, U.S. Department of Justice, Office of Immigration Litigation, Christina Bechak Parascandola, U.S. Department of Justice, Environment & Natural Resources, Washington, DC, E.M. Trominski, District Director, U.S. Immigration & Naturalization Service, District Directors Office, Harlingen, TX, Trey Lund, U.S. Immigration and Customs Enforcement Field Office Director, New Orleans, LA, for Respondent.

Alberto R Gonzales, Washington, DC, pro se.

Before JONES, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit Judges.

PER CURIAM: *

Henry Alexis Rosales–Santos seeks a petition to review the Board of Immigration Appeals' (BIA) decision denying his motion to reopen as barred by the time and number limits of 8 C.F.R. § 1003.2(c)(2). Rosales–Santos argues that those limits do not apply to his motion to reopen the in absentia deportation proceeding based on his lack of notice.

However, the BIA did not treat Rosales–Santos's motion to reopen as seeking to rescind the in absentia deportation order. Instead, the BIA construed the motion as one to reopen its own September 23, 1999, decision. Rosales–Santos makes no argument that the BIA erred in construing his motion as a motion to reopen its prior decision and, accordingly, that issue is waived. *See Rodriguez v. INS,* 9 F.3d 408, 414 n. 15 (5th Cir.1993). As the BIA noted, Rosales–Santos had previously filed motions to reopen with both the IJ and the BIA and that the instant motion to reopen was filed more than six years after the BIA's September 1999 decision. Accordingly, the BIA did not err in determining that the instant motion to reopen was both time– and numerically-barred. *See* 8 C.F.R. § 1003.2(c)(2); *Singh v. Gonzales,* 436 F.3d 484, 488 (5th Cir.2006).

The petition for review is **DENIED.**

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.